**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

MARIAN L. MOLINE,

    Plaintiff,

 vs.            **Case No. 09-4145-RDR**

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM AND ORDER**

  This matter is presently before the court upon the defendant's motion to dismiss. The defendant seeks dismissal based upon lack of subject matter jurisdiction. Plaintiff has failed to file a timely response. Having carefully reviewed the background, the court is now prepared to rule.

  Plaintiff, proceeding pro se, filed a complaint against the United States of America on November 13, 2009 seeking civil damages under 26 U.S.C. § 7433(a). In her complaint, plaintiff alleged that the Internal Revenue Service (IRS) commenced an unauthorized levy of her social security benefits to collect unpaid federal tax liabilities in June of 2007.

  In the instant motion, the defendant contends that the plaintiff's complaint should be dismissed because it is time-barred. The defendant contends that the statute of limitations is two years and that plaintiff's claim began to accrue in June 2007 when the IRS commenced the alleged unauthorized levy. Thus, the

defendant argues that the instant action was not timely since it was filed over five months after the two-year statute of limitations had run in June of 2009.

Section 7433 conditionally waives the United States' sovereign immunity from tax refund suits, but limits taxpayer suits to "within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3); see Allied/Royal Parking L.P. v. United States, 166 F.3d 1000, 1003 (9th Cir. 1999) ("[S]ection 7433's limited waiver to the government's sovereign immunity must be read narrowly."). The right of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Because the "time-bar qualifies [as] a waiver of sovereign immunity," it is jurisdictional in nature. Dahn v. United States, 127 F.3d 1249, 1252 (10th Cir. 1997). Ordinarily, a right of action under § 7433 accrues when the levy commences. See Gandy Nursery, Inc. v. United States, 318 F.3d 631, 637 (5th Cir. 2003).

In her complaint, plaintiff suggested that her complaint was timely filed because it was filed within two years after either the filing of administrative claims with the IRS or the denial of those administrative claims. She relied upon Nordbrock v. United States, 96 F.Supp.2d 944 (D.Ariz. 2000); Snyder v. United States, 260 Fed.Appx. 488 (3rd Cir. 2008) and Tenpenny v. United States, 490 F.Supp.2d 852 (N.D.Ohio 2007) for support. As correctly pointed

2

out by the defendant, none of these cases provide any authority for the proposition noted by the plaintiff. In fact, <u>Tenpenny</u> provides contrary authority. <u>See</u> <u>Tenpenny</u>, 490 F.Supp.2d at 858 ("The fact that an administrative claim is ongoing (or "pending"). . . does not toll the statute of limitations for filing a § 7433 action in court. . . .").

Here, the record before the court shows that plaintiff's claim under § 7433(a) accrued in June 2007 when the IRS allegedly commenced an unauthorized levy. Therefore, the statute of limitations expired two years later in June 2009. Since plaintiff did not file this case until November 13, 2009, her suit is time-barred under § 7433(d)(3). <u>See</u> <u>Shipley v. United States</u>, 2006 WL 497720 at *1 (10th Cir. 2006). The court shall grant defendant's motion and dismiss this case for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 7) be hereby granted. This action is hereby dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this <u>16th</u> day of February, 2010 at Topeka, Kansas.

<u>S/ Richard D. Rogers</u>
United States District Judge